IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIAM LEE JONES, JR., 249892,  )  <br> Petitioner,  ) <br>  ) <br> v.  ) <br>  ) <br> RICK THALER, Director, Texas  ) <br> Dept. Of Criminal Justice, Correctional  ) <br> Institutions Division,  ) <br> Respondent.  ) | No. 3:11-CV-3446-B |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Rick Thaler, Director of TDCJ-CID.

**II. Background**

On April 5, 1974, Petitioner was convicted of robbery by firearms and murder with malice. *State of Texas v. William Lee Jones, Jr.*, Nos. C73-10310-IM and C73-10311-IM (194th Dist. Ct., Dallas County, Tex., Apr. 5, 1974.) Petitioner was sentenced to life in prison. On July 9, 1975, Petitioner's convictions and sentence were affirmed on direct appeal. *Jones v. State*, Nos. 50,054 and 50,055 (Tex. Crim. App. 1975).

Petitioner filed seven state habeas petitions. *Ex parte Jones*, Nos. 6,468-01 through -07.

His first state habeas petition was denied on September 14, 1977, and his second and third state habeas petitions were denied on May 10, 1978. Petitioner's fourth and fifth state habeas petitions were dismissed on September 23, 1981, and November 19, 1982. Petitioner's sixth and seventh state habeas petitions were dismissed on November 2, 2011 and February 15, 2012.

On December 8, 2011, Petitioner filed the instant § 2254 petition. He argues he is actually innocent based on newly discovered evidence that no evidence from his trial can be located and that twenty-seven pages of the trial transcripts are missing.

On April 26, 2012, Respondent filed his answer arguing, *inter alia*, that the petition is barred by limitations. On May 24, 2012, Petitioner filed a reply. The Court finds the petition should be dismissed as time-barred.

**II. Discussion**

**A.     Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

On July 9, 1975, Petitioner's convictions and sentence were affirmed on appeal. On September 19, 1975, the Texas Court of Criminal Appeals denied Petitioner's motion for rehearing. He did not file a petition for writ of certiorari with the Supreme Court.

Petitioner's convictions became final prior to the enactment of the AEDPA. Petitioner is therefore entitled to a period of one-year from the AEDPA's effective date to file his federal petition. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). Thus, absent any tolling provision, Petitioner was required to file his § 2254 petition on or before April 24, 1997, to avoid being time-barred.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). None of Petitioner's state habeas petitions, however, tolled the limitations period. After his fifth state habeas petition was dismissed on November 19, 1982, he did not file his sixth state habeas until March 18, 2010. This sixth state habeas petition did not toll the limitations period because it was filed after the April 24, 1997, limitations period expired.

---

    seeking direct review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner had until April 24, 1997, to file his federal petition. He did not file his petition until December 8, 2011. His petition is therefore untimely.

Petitioner argues his petition is timely because of new evidence. He states that in 2009 he wrote to Southwestern Institute of Forensic Science ("SWIFS") in Dallas County seeking evidence regarding his case. He claims SWIFS responded that it had no evidence related to his case. Petitioner states he also learned that pages 203 to 231 of volume one of the trial transcripts were missing. Petitioner, however, could have determined by April 24, 1996, what evidence existed regarding his conviction and what trial transcripts were available. The Court determines that no statutory tolling applies to these claims.

**B.     Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner states he is entitled to equitable tolling because he is actually innocent and he is a *pro se* petitioner. These claims, however, do not entitle a petitioner to equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (finding ignorance of the law, a prisoner's *pro se* status and actual innocence claims do not support equitable tolling of the AEDPA statute of limitations). Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 29th day of April, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).